IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN DAVID GARCIA,                    )
                                      )
            Petitioner,               )
                                      )
v.                                    )        Case No. CIV-06-835-F
                                      )
JOSEPH SCIBANA, WARDEN,               )
                                      )
            Respondent.               )

## REPORT AND RECOMMENDATION ON
## PRELIMINARY REVIEW OF THE HABEAS PETITION

The Petitioner seeks habeas relief under 28 U.S.C. § 2241.[1]  The Court has referred the action to the undersigned for preliminary review[2] and findings and recommendations on dispositive matters.  The undersigned recommends summary dismissal of the petition.

## I.      BACKGROUND

Mr. Garcia is a federal prisoner who is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma.[3]  According to the Petitioner, he was assaulted by gang members in June 2006 and is currently in isolation.[4]  Mr. Garcia fears return to the general

---

[1]      Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c) and 18 U.S.C. § 3621(b) (Aug. 9, 2006) ("Petition").

[2]      Preliminary review of a petition is necessary when an action arises under 28 U.S.C. § 2254. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Mr. Garcia has invoked Section 2241, rather than Section 2254.  However, the same preliminary review can be conducted in actions involving Section 2241.  *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

[3]      *See* Petition at pp. 1-2.

[4]      Petition at p. 1.

population, but also claims that perpetual isolation is cruel and unusual punishment.[5]  Thus,

Mr. Garcia seeks transfer to "a safer institution or transit center."[6]

II.     THE UNAVAILABILITY OF RELIEF UNDER SECTION 2241

        The exclusive remedy lies in a civil rights action, rather than habeas proceedings.

        Attacks on the execution of a sentence fall under Section 2241, while challenges to

the conditions of confinement are cognizable only in a civil rights action.[7]  Mr. Garcia

challenges the conditions of his confinement and seeks transfer to another federal institution.[8]

Thus, the proper vehicle for relief is a civil rights action.[9]

---

[5]     Petition at pp. 1-2.

[6]     Petition at p. 2.

[7]     *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("We have . . . recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241." (citations omitted)).

[8]     *See supra* at pp. 1-2.

[9]     A similar issue arose in *Wiley v. Holt*, 42 Fed. Appx. 399 (10th Cir. July 15, 2002) (unpublished op.).  There a federal prisoner sought habeas relief under Section 2241, claiming that he was in danger from fellow inmates and seeking transfer to another facility.  *See Wiley v. Holt*, 42 Fed. Appx. at 400.  The district court dismissed the petition, and the Tenth Circuit Court of Appeals affirmed.  *See id.*  The appeals court concluded that the petitioner's "concern for his safety and desire to be transferred was properly identified . . . as a civil rights action."  *Id.*

III.    INAPPROPRIATENESS OF RECHARACTERIZATION

Mr. Garcia's allegations could be recharacterized as a *Bivens* action.[10] But "even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization."[11]  Recharacterization could adversely affect Mr. Garcia in two ways.

First, the claim would potentially be subject to dismissal for nonexhaustion of available administrative remedies.[12]  Mr. Garcia failed to describe any attempts to utilize the prison grievance system.  Thus, if the Court were to recast the petition, it could be subject to dismissal for nonexhaustion of administrative remedies.[13]   If the action recharacterized and dismissed for nonexhaustion, the ruling could imperil future requests by Mr. Garcia for pauper status.[14]

---

[10]    Federal inmates challenging the conditions of their confinement may proceed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See United States v. Furman*, 112 F.3d 435, 439 (10th Cir. 1997) (stating that a federal defendant's objections involving conditions of confinement "are cognizable under" *Bivens*).

[11]    *Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring).

[12]    *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).

[13]    *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003) (prisoner must plead and prove exhaustion of administrative remedies).

[14]    *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)).

Second, if the Court recharacterized the action, Mr. Garcia would be required to pay an additional $350.00 filing fee.[15]

For both reasons, the Court should resist *sua sponte* conversion and allow the Petitioner to decide whether to pursue relief in a civil rights action.

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the Court should summarily dismiss the action.

The Petitioner may object to this report and recommendation.  To do so, Mr. Garcia must file an objection with the Clerk of this Court.[16]   The deadline for objections is September 13, 2006.[17]   Failure to file timely objections would result in waiver of the right to appeal the recommended dismissal.[18]

## V.   STATUS OF THE REFERRAL

This referral to the undersigned is terminated.

---

[15]      *See* Deficit Reduction Act of 2005, Pub. L. 109-171, 120 Stat. 4, 183 (Feb. 8, 2006) (amending 28 U.S.C. § 1914(a)); W.D. Okla. LCvR 3.2.  Even though Mr. Garcia is proceeding *in forma pauperis*, he would remain responsible for the eventual payment of the filing fee.  *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1) (2000).

[16]      *See* 28 U.S.C. § 636(b)(1) (2000).

[17]      *See* W.D. Okla. LCvR 72.1(a).

[18]      *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

4

Entered this 24th day of August, 2006.


Robert E. Bacharach
United States Magistrate Judge